UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-81425-Civ-Ryskamp/Vitunac

EDITH PETERSON

      Plaintiff,

v.

DOMINGO RAMIREZ, et al.,

      Defendants.

_____/

FILED by _____ D.C.

OCT 2 6 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ORDER

THIS CAUSE is before the Court *sua sponte*. On September 22, 2009, Edith Peterson, proceeding pro se, sued fourteen individual defendants, a corporation and a trust. As best as the Court can decipher it, the Complaint alleges the following facts. On September 2, 2009, Edith Peterson, who resides at 5200 Mobilaire Dr., West Palm Beach, Florida, found an F-150 Ford Truck parked in her yard. Her friend, and the owner of the property where she resides, got into a verbal altercation with the driver of the truck. The Complaint is not clear if the truck damaged the property or, frankly, why this incident is relevant. Nevertheless, the Complaint then proceeds to allege that the Defendants, as an undifferentiated mass, committed a variety torts including "detonat[ing] explosives which landed on the property supervised by owner and/or Trustee."

Federal courts are courts of limited jurisdiction, Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994), and they can only entertain those actions that the Constitution authorizes them to hear. Id. Because its authority is limited, the Court is obligated to affirmatively establish the basis for its jurisdiction. Fitzgerald v. Seaboard System R.R. Inc., 760 F.2d 1249, 1251 (11th Cir. 2001).

If the Court finds that it does not have jurisdiction over a claim, it must dismiss it. Fed. R. Civ. P. 12(h)(3).

Plaintiff has the burden of establishing that the Court has jurisdiction over her claims. Kokkonen, 511 U.S. at 377. Her Complaint must affirmatively allege facts demonstrating the basis for federal subject matter jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). In this regard, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a Complaint give "a short and plain statement of the grounds for the court's jurisdiction."

Based on the Court's review of the Complaint, it does not appear that the Court has subject matter jurisdiction over the action. While the Complaint contains two paragraphs asserting that the Court possesses jurisdiction, those paragraphs are unsupported by any alleged facts. First, claiming diversity jurisdiction, Plaintiff alleges that the amount in controversy exceeds $75,000; she does not, however, allege any facts to support damages in excess of $75,000. Second, Plaintiff claims the Court has jurisdiction under 42 U.S.C. § 1983. But, she does not allege that any Defendant deprived her of a Constitutional right while acting "under color of any [state] statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. The Court is mindful of the fact that Plaintiff is proceeding pro se and will generally construe her filings indulgently. Nonetheless, the Court must satisfy itself that it has jurisdiction over her claims. Accordingly, it hereby

ORDERS that Plaintiff shall, within 30 days of the date of this Order, file an Amended Complaint that gives a short and plain statement of the grounds for the Court's jurisdiction and alleges facts supporting the assertion. If Plaintiff fails to file an Amended Complaint, the Court will recommend to United States District Judge Kenneth L. Ryskamp that the Complaint be dismissed for lack of subject matter jurisdiction.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida,

this 26 day of October, 2009.

ANN E. VITUNAC
United States Magistrate Judge